IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEPHEN M. HUGHES,

    Plaintiff,

v.

Case No.:   6:15-cv-280-Orl-22GJK

GEICO GENERAL INSURANCE COMPANY,

    Defendant.
_____/

## GEICO GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL AND INCORPORATED MEMORANDUM OF LAW

Defendant/Petitioner, **GEICO GENERAL INSURANCE COMPANY** ("GEICO"), by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1441, 1446 and 1332, respectfully petitions this Court for the removal of the above-captioned action from the Circuit Court in and for Brevard County, Florida to the United States District Court for the Middle District of Florida, Orlando Division. In support of this Petition, GEICO states as follows:

1. In the action that forms the basis for the present litigation, Plaintiff, STEPHEN M. HUGHES ("HUGHES" or "Plaintiff") filed suit against GEICO in the Circuit Court in and for Brevard County, Florida, Case No. 05-2009-CA-049792, on or around August 11, 2009 ("the Underlying Action"). Plaintiff sued GEICO to recover uninsured/underinsured motorist ("UM") benefits for personal injuries allegedly sustained in a motor vehicle accident that occurred on or around December 14, 2006.

2. As alleged in Plaintiff's Complaint for Insurer Bad Faith, on or around September 11, 2014, GEICO confessed to judgment in the amount of the UM policy limits. [*See* Plaintiff's

Complaint for Insurer Bad Faith, attached hereto as Exhibit "A."]

3. On or about February 4, 2015, Plaintiff filed the present Complaint for Insurer Bad Faith in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, Case No. 05-2015-CA014364-XXXX-XX, in which Plaintiff sets forth allegations of bad faith against GEICO. [*See id.*]

4. Upon information and belief, Plaintiff is a citizen of the State of Florida.

5. GEICO is incorporated in the State of Maryland, with its principal place of business in Chevy Chase, Maryland. Therefore GEICO is a citizen of the State of Maryland.

7. There is complete diversity of citizenship among the parties.

8. The amount in controversy in the present action exceeds $75,000, without interest and costs, as Plaintiff seeks to recover ". . . damages for the accident including amount in excess of the policy limits, interest on unpaid benefits, reasonable attorney fees and costs, and any damages caused by a violation of Florida Law incurred in prosecuting this action." [*See* Exhibit "A" at ¶ 27.] A June 16, 2011 letter from Plaintiff's attorney, Charles W. Smith ("Smith"), to attorney Scott Turner ("Turner") reflects that, at that point, Plaintiff valued his case as worth at least $550,000.00, which is well in excess of the $75,000 jurisdictional threshold. [*See* Exhibit "B," June 16, 2011 correspondence from Smith to Turner, demanding $550,000.00 to settle his claims against GEICO.] Specifically, in his June 16, 2011 correspondence, Smith represented to Turner that Plaintiff's medical bills, as of that date, amounted to more than $106,000.00. [*See* Exhibit "B."] Smith further stated that Plaintiff's future medical expenses were expected to exceed $10,000.00 per year, with a twenty-two and a half (22.5) year life expectancy. In addition, Smith asserted in June of 2011 that Plaintiff had lost wages in the past and would lose wages in the future as a result of the accident in

an amount that significantly exceeds $75,000.00. [*See* Exhibit "B."] In short, GEICO reasonably believes that Plaintiff seeks recovery in the present bad faith action of at least the amount that he demanded in June of 2011, which exceeds $75,000.00 by many times.

9. In accordance with 28 U.S.C. § 1446(b), GEICO's Notice of Removal of this action has been filed within thirty (30) days of being served with Plaintiff's Complaint.

10. As required by 28 U.S.C. § 1446(a), true and legible copies of "all process, pleadings, and orders" served upon GEICO in this action are submitted herewith. [*See* Exhibit "A."]

## MEMORANDUM OF LAW

The statutory requirements for removal of the present action from state court to the United States District Court for the Middle District of Florida, Orlando Division, have been met. Any civil action brought in state court may be removed by the defendant to federal court, in the district and division embracing the place where such action is pending, if the action could have originally been brought in federal court. *See* 28 U.S.C. § 1441(a); *Ayres v. General Motors Corp.*, 234 F.3d 514, 517 (11th Cir. 2000); *Rudnick v. Sears, Roebuck and Co.*, 358 F.Supp.2d 1201, 1204 (S.D. Fla. 2005). To remove an action based on diversity jurisdiction, none of the properly joined and served defendants can be a citizen of the state in which the action is brought. *See* 28 U.S.C. § 1441; 28 U.S.C. § 1332(a). The matter in controversy must be between citizens of different states. *See* 28 U.S.C. § 1332(a).

Furthermore, the amount in controversy in a diversity action must exceed $75,000, exclusive of interest and costs. *See id.* The pertinent question in determining whether the jurisdictional minimum has been met is not the amount that the plaintiff is ultimately likely to recover, but the amount that is in controversy between the parties. *See Morgan v. Sears, Roebuck, and Co.*, 2012 WL

2523692 at *1 (S.D. Fla. 2012). A moving party may provide additional evidence to satisfy the amount in controversy requirement; however, this requirement is also satisfied if it is ". . . facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum." *See Morgan*, 2012 WL 2523692 at *1 (citing *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)). A defendant who removes a case to federal court is not required to prove the amount in controversy beyond all doubt. *See id.* When considering whether the amount in controversy has been satisfied, the court may ". . . use 'common sense' and make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations.'" *Id.*; *see also Roe*, 613 F.3d at 1062 (stating that ". . . courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.").

When the subject matter jurisdiction requirements of 28 U.S.C. § 1332 are met, that is to say, the parties are of diverse citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs, the only remaining question is whether the removing party has satisfied the procedural requirements for removal under 28 U.S.C. § 1446. According to § 1446(b), ". . . notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ." 28 U.S.C. § 1446(b); *see also Liebig v. DeJoy*, 814 F.Supp. 1074, 1076 (M.D.Fla. 1993). The defendant seeking removal bears the initial burden of alleging federal jurisdiction. *See Wright v. Continental Cas. Co.*, 456 F.Supp. 1075, 1078 (M.D. Fla. 1978).

GEICO has met the statutory requirements for removal of this action to federal court; therefore, removal is proper and appropriate. First, there is complete diversity of citizenship among

4

2523692 at *1 (S.D. Fla. 2012). A moving party may provide additional evidence to satisfy the amount in controversy requirement; however, this requirement is also satisfied if it is ". . . facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum." *See Morgan*, 2012 WL 2523692 at *1 (citing *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)). A defendant who removes a case to federal court is not required to prove the amount in controversy beyond all doubt. *See id.* When considering whether the amount in controversy has been satisfied, the court may ". . . use 'common sense' and make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations.'" *Id.*; *see also Roe*, 613 F.3d at 1062 (stating that ". . . courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.").

When the subject matter jurisdiction requirements of 28 U.S.C. § 1332 are met, that is to say, the parties are of diverse citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs, the only remaining question is whether the removing party has satisfied the procedural requirements for removal under 28 U.S.C. § 1446. According to § 1446(b), ". . . notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ." 28 U.S.C. § 1446(b); *see also Liebig v. DeJoy*, 814 F.Supp. 1074, 1076 (M.D.Fla. 1993). The defendant seeking removal bears the initial burden of alleging federal jurisdiction. *See Wright v. Continental Cas. Co.*, 456 F.Supp. 1075, 1078 (M.D. Fla. 1978).

GEICO has met the statutory requirements for removal of this action to federal court; therefore, removal is proper and appropriate. First, there is complete diversity of citizenship among

the parties. Upon information and belief, Plaintiff is a citizen of the State of Florida, while Defendant GEICO is a citizen of the State of Maryland.

In addition, the statutory requirement that the amount in controversy exceed $75,000 has been met, as GEICO reasonably believes that Plaintiff seeks recovery of damages that exceed $75,000. More specifically, Plaintiff alleges in his Complaint that he is seeking recovery of the total amount of his damages related to the December 14, 2006 accident. As of June 16, 2011, Plaintiff valued these damages as worth at least $550,000.00, which is more than seven (7) times the jurisdictional threshold of this Court. [*See* Exhibit "B."] Therefore, not only is it facially apparent that there is more than $75,000 in controversy, but GEICO has also provided additional evidence, as discussed by the court in *Morgan*, to support this requirement. *See Morgan*, 2012 WL 2523692 at *1.

Finally, GEICO has complied with all of the procedural requirements, including the time requirements, set forth in 28 U.S.C. § 1446(b). GEICO filed and served the present Notice of Removal within thirty (30) days of its receipt of Plaintiff's Complaint, making removal timely. Accordingly, for the reasons explained herein, removal of this action to this Court is appropriate.

**WHEREFORE**, Defendant/Petitioner GEICO GENERAL INSURANCE COMPANY, respectfully requests that the action now pending against it in the Circuit Court in and for Brevard County Florida, be removed therefrom to this Honorable Court, and that this Court assume full jurisdiction over the cause herein as provided by law, and grant such further relief as this Court deems just and appropriate.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of February, I filed the foregoing document with the Clerk of the Court via U.S. mail delivery to U.S. Middle District Court, Orlando Division, 401 West

Central Blvd., Suite 1200, Orlando, FL 32801-0120. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Megan Hall
**B. RICHARD YOUNG**
Florida Bar No. 442682
**MEGAN M. HALL**
Florida Bar No.: 0041695
Young, Bill, Roumbos & Boles, P.A.
P.O. Drawer 1070
Pensacola, FL 32591-1070
(850) 432-2222 telephone
(850) 432-1444 - facsimile
Attorney for Defendant, GEICO GENERAL INSURANCE COMPANY

**<u>SERVICE LIST</u>**
**HUGHES v. GEICO GENERAL INSURANCE COMPANY**
**Case No.:**

MICHAEL M. BELL, ESQ.
Bell & Roper, P.A.
2707 E. Jefferson Street
Orlando, FL 32803
Telephone: (407) 897-5150
Facsimile: (407) 897-3332
Email: mbell@bellroperlaw.com
　　　　ckeep@bellroperlaw.com
Attorney for Plaintiff
*Via CM/ECF and/or electronic mail*